FILED

2010 NOV 12 P 3: 53

MARY PANKEY, CIRCUIT CLERK
BY‾‾‾‾‾‾‾‾‾ DEPUTY

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
## CIVIL RELATIONS DIVISION

**MARK GOODNER,**
    **Plaintiff,**

**v.**
                                    Case No. CV-2010-590-2

**E-Z MART.**
    **Defendant.**

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW MARK GOODNER, Plaintiff herein, and for his Original Complaint,

states as follows:

### Count I

1.    Plaintiff, MARK GOODNER ("Plaintiff"), is a resident of Texarkana, Miller

County, Arkansas.

2.    Defendant, E-Z MART  ("Defendant"), is a corporation duly organized and
existing under the laws of the State of Texas doing business in the state of Arkansas with
its principal place of business located at 602 Falvey, Texarkana, Texas 75504.  Service can
be perfected by serving E-Z MART's registered agent, the Corporation Service Company
at 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

3.    At the time of the acts and omissions that give rise to this cause of action, E-Z

MART also owned and occupied premises located at 4420 E. 9th Street, Miller County,

Texarkana, Arkansas (the "Premises"), which are used as a mini-market.  Jurisdiction and

venue is proper in this Court for the reason that Defendant's negligence which gives rise to

the slip and fall the subject of this law suit took place in Miller County, Arkansas.

4.    On or about January 3, 2008 , Plaintiff was lawfully on the Premises, having

arrived there at approximately 8:15 a.m..

DEFENDANT'S
EXHIBIT
A

PENGAD 800-631-6989

5.     As Plaintiff got out of his vehicle and stepped onto the pavement, he slipped and fell on a sizeable portion of ice.

6.     E-Z MART was negligent in allowing a dangerous condition, specifically the ice, to exist on its premises.

7.     As the result of Defendant's  negligence, Plaintiff sustained serious injury to his back, shoulders, knees, arms, neck and head which has caused Plaintiff to incur past, present and future medical expenses, and pain and suffering.

Count II

8.     Paragraphs 1 through 7 of Count I are incorporated herein and made a part hereof as if again set forth in full.

9.     Defendant breached a duty to its business invitees, including Plaintiff, to maintain the Premises in a reasonably safe manner so that its business invitees, including Plaintiff, would not be injured while on the Premises.

10.     Defendant breached its special duty owed to business invitees by failing to maintain the Premises in a reasonably safe manner and by allowing the slippery sheet of ice to exist on its parking lot when Defendant knew or should have known of its existence and should have taken reasonable and appropriate steps to remove it from the Premises' parking lot, or mitigate the danger by appropriate measures applicable to icy pavement.

11.     As a result of Defendant's breach of duty, Plaintiff suffered injuries, incurred and will continue to incur past, present and future medical expenses, and has experienced pain and suffering.

Count III

12.     Paragraphs 1 through 7 of Count I, and paragraphs 9 through 11 of Count II

are incorporated herein and made a part hereof as if again set forth in full.

13.     Defendant either knew or reasonably should have known of the dangerous condition on the Premises, specifically, the slippery ice on the parking area.

14.     Defendant failed to warn Plaintiff of the unreasonably dangerous condition on the parking lot despite having a duty to do so, especially since Plaintiff was a business invitee.

15.     As a result of Defendant's failure to warn, Plaintiff was injured, incurred past, present and future medical expenses, and pain and suffering.

WHEREFORE, Plaintiff requests the following relief against Defendant:

(1)     Monetary damages to compensate Plaintiff for all medical expenses, and economic damages past, present and future;

(2)     Monetary damages to compensate Plaintiff for all non-economic damages, including pain and suffering, past, present and future;

(3)     Any other relief this Court deems just under the circumstances, including interest and the cost of litigation.

Respectfully Submitted,

Howard J. Goode
Arkansas State Bar No.: 92077
901 North State Line Avenue
Texarkana, Texas 75501
Telephone No.: (903) 793-4276
Facsimile No.:   (903) 792-6553
E-mail: Goodelegal@aol.com

Page 3 of 3